UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Petitioner,

v.

DERRICK WILLIAMSON,

Respondent.

CIVIL NO. 01-1579 (DSD/JMM)

ORDER

The above matter is before the Court on Defendant's Motion for Continuance, Substitution of Counsel, and Court Ordered Psychiatric Evaluation. The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Defendant's Motion for Continuance, Substitution of Counsel, and Court Ordered Psychiatric Evaluation is denied.

Dated: November 7, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

A hearing in this case on the Government's Petition to Determine the Present Mental Condition of an Imprisoned Person Under 18 U.S.C. §4245 [Docket No. 1] is scheduled for November 15, 2001. The hearing was originally scheduled by the Court for October 19, 2001. [Docket No. 4]. Respondent made a Motion for a continuance, in part to have time to obtain an evaluation by an independent psychiatrist. [Docket No. 5]. The

FILED NOV 07 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Court granted the Motion, and postponed the hearing to November 15, 2001. [Docket No. 6].

Respondent then made a second Motion for a continuance, which he submitted *pro se*. [Docket No. 7]. In his Motion, Respondent sought a delay in the proceedings to give him time to obtain "paid legal counsel." The Court denied Respondent's Motion, as he had already been provided with additional time to prepare his case, and it did not appear that his financial circumstances had changed since the appointment of the Federal Public Defender. [Docket No. 8]. We expressly found that the Federal Public Defender would provide high-quality representation to Respondent, and fully protect his rights and interests.

Respondent has now brought a third Motion for a continuance, asking the Court to delay the hearing, appoint a new attorney to represent him, and order a psychiatric evaluation pursuant to 18 U.S.C. §§4245(b) and 4247(b). As this Court has stated, we find no cause for concern regarding the level of representation provided to Respondent by the Federal Public Defender. Respondent's request for a Court-ordered psychiatric evaluation apparently stems from his distrust of the independent psychiatrist hired by his attorney to examine him. He has refused to cooperate with the psychiatrist because she has previously worked for the Federal Medical Center at Rochester as a consultant in an out-patient clinic. We do not find that her prior employment will prevent her from being objective in Respondent's case, and conclude that there is no basis to order an examination by a third psychiatrist.

J.M.M.