UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1579 (DSD/JMM)

United States of America,

Petitioner,

v.

**ORDER**

Derrick Williamson,

Respondent.

Joan Humes, Esq., Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, Minnesota 55415, counsel for petitioner.

Katherine Menendez, Esq., Federal Public Defender, 300 Fourth Street South, Suite 107, Minneapolis, Minnesota 55415, counsel for the respondent. Derrick Williamson, Respondent, Federal Medical Center, Box 4600, Rochester, Minnesota 55903-4600.

This matter is before the court on respondent's objection to the report and recommendation of Magistrate Judge John M. Mason, dated December 20, 2001 [Docket No. 22]. In his report, the magistrate judge recommended that the government's Petition to Determine Present Mental Condition of an Imprisoned Person Under 18 U.S.C. § 4245 [Docket No. 1] be granted, that respondent be committed to the custody of the Attorney General and that the Attorney General hospitalize respondent at FMC-Rochester. After a de novo review of the record, the court adopts the magistrate judge's recommendation.

APR 17 2002
FILED
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

Under 18 U.S.C. § 4245, a prisoner who is to serve time in a federal prison may not be transferred to a mental hospital without the prisoner's consent or a court order. United States v. Watson, 893 F.2d 970, 975 (8th Cir.), vacated in part on reh'g on other grounds by United States v. Holmes, 900 F.2d 1322 (8th Cir.), cert. denied, Watson v. United States, 497 U.S. 1006 (1990). If the prisoner objects to being transferred, the court must order a hearing to determine if there is "reasonable cause to believe that the person may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4245(a); United States v. Jones, 811 F.2d 444, 447 (8th Cir. 1987). "If, after the hearing, the court finds by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility, the court shall commit the person to the custody of the Attorney General." 18 U.S.C. § 4245(d). The Attorney General must then hospitalize the prisoner "for treatment in a suitable facility until he is no longer in need of such custody for care or treatment or until the expiration of the sentence of imprisonment, whichever occurs earlier." Id.

A court considering a § 4245 motion must answer three questions: (1) whether the respondent is in fact suffering from a mental disease or defect, (2) whether that mental condition renders

him in need of treatment or custody and (3) whether the proposed facility is an appropriate one. United States v. Horne, 955 F. Supp. 1141, 1144 (D. Minn. 1997). Respondent does not dispute that FMC-Rochester qualifies as a suitable facility under § 4245 and the court concludes that the answer to the other two questions also should be answered in the affirmative.

**1. Respondent Suffers from a Mental Disease or Defect**

The magistrate judge correctly found that respondent is suffering from a mental disease or defect. Respondent has been diagnosed as suffering from Pyschotic Disorder Not Otherwise Specified (NOS) by his treating psychologist at FMC-Rochester, Dr. Steven Norton. Dr. Shine confirmed this diagnosis based upon a review of respondent's medical records, his central file and his personal interactions with respondent since assuming responsibility for his care in August 2001. Respondent has introduced no expert medical testimony to contradict the diagnoses of Dr. Norton and Dr. Shine. See United States v. Steil, 916 F.2d 485, 488 (8th Cir. 1990)(hold that defendant has a mental defect or disease where five mental health experts found defendant mentally ill and dangerous and where there was no contradictory testimony). As the magistrate judge stated, "[t]he fact that there is a mild factual basis for some of respondent's delusions does not preclude the finding that

he is suffering from a mental illness." (Report and Recommendation at 4.)

**2. Respondent Is In Need of Custody For Care and Treatment**

The magistrate judge also correctly found that respondent is in need of custody for care and treatment. Title 18 U.S.C. § 4245(d) does not define when a prisoner is "in need of custody for care or treatment" and there is very little case law discussing what standard should be applied. The district court in United States v. Horne, 955 F. Supp. 1141 (D. Minn. 1997) found that treatment under § 4245 must be "more than merely beneficial." Id. at 1147. It held that "if a prisoner whose mental illness was left untreated would pose a danger to himself or others if placed in the general prison population . . . treatment is needed within the meaning of 18 U.S.C. § 4245." Id. at 1149.

In Horne, the court determined that it need not decide whether a prisoner could be involuntarily committed for treatment if a showing of future dangerousness was not made because the court found that the prisoner in that case would pose a danger to the prison staff and other inmates if he was removed from segregation without treatment. Id. at 1148. Here, as in Horne, the court finds that respondent poses a danger to himself, the prison staff and other inmates. In May, 2002, respondent assaulted an officer while FMC staff attempted to calm him down and escort him from the

Rochester yard to the special housing unit. When respondent was told that he would be moved to the special housing unit, respondent panicked and climbed a fence, moving into a prohibited part of the yard. He was approached by numerous officers and swung a punch, hitting one of the officers in the face. (Objections to Report and Recommendation at 6.) This incident and respondent's mental history establish that respondent in need of custody for care and treatment. The court therefore adopts the magistrate judge's report and recommendation in its entirety.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The government's Petition to Determine Present Mental Condition of an Imprisoned Person under 18 U.S.C. § 4245 is granted [Docket No. 1],

2. Respondent is committed to the custody of the Attorney General, and

3. The Attorney General hospitalize respondent at FMC-Rochester.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 17, 2002

David S. Doty, Judge
United States District Court